1  STEPHANIE FORMAN, ESQ.; STATE BAR NO.: 195757
2  DIANA M. RIVERA, ESQ.; STATE BAR NO.: 222025

3  **THARPE & HOWELL, LLP**
   **15250 Ventura Blvd., Ninth Floor**
   **Sherman Oaks, California 91403**
4  **(818) 205-9955; (818) 205-9944 fax**
   E-Mail: sforman@tharpe-howell.com
5  E-Mail: drivera@tharpe-howell.com

6  Attorneys for Defendant,
   LOWE'S HOME CENTERS, LLC
7

8              UNITED STATES DISTRICT COURT
9              SOUTHERN DISTRICT OF CALIFORNIA
10

| 11 | MARY JECKOT, an individual, | Case No.: **'22CV1400 L    KSC** |
| --- | --- | --- |
| 12 | Plaintiff, | (*San Diego County Superior Court Case No.: 37-2022-00031130-CU-PO-CTL*) |
| 13 | v. | |
| 14 | LOWE'S HOME CENTERS, LLC, a limited liability company; J. PABLO SANCHEZ, an individual; and DOES 1 through 25, inclusive, | **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1332 & §1441(B) (DIVERSITY)** |
| 15 | | |
| 16 | | Complaint Filed: August 4, 2022 |
| 17 | Defendants. | |

18      PLEASE TAKE NOTICE that, pursuant to *28 U.S.C.§§ 1332* and *1441(b),*
19  Defendant LOWE'S HOME CENTERS, LLC ("LOWE'S" or "Defendant"),
20  contemporaneously with the filing of this notice, is effectuating the removal of the
21  below referenced action in the Superior Court of the State of California for the County
22  of San Diego, to the United States District Court, Southern District of California. The
23  removal is based, specifically, on the following grounds.

24              **JURISDICTION AND VENUE ARE PROPER**
25      1.   This is a civil action over which this Court has original jurisdiction
26  based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and is one which
27  may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b*)* because
28  it is a civil action between citizens of different states and the amount in controversy

- 1 -
**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C.
§1332 & §1441(B) (DIVERSITY)**

exceeds $75,000, exclusive of interest and costs, as set forth below.  28 U.S.C. §§ 1332, 1441(a), and 1446(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c), 1391 and 1446.

## PLEADINGS, PROCESS, AND ORDERS

3. On August 4, 2022, Plaintiff MARY JECKOT ("Plaintiff") commenced the above-entitled civil action in the Superior Court for the County of San Diego by filing a Complaint therein entitled *MARY JECKOT v. LOWE'S HOME CENTERS, LLC, a limited liability company; J. PABLO SANCHEZ, an individual; and DOES 1 through 25, inclusive,* Case No. 37-2022-00031130-CU-PO-CTL.  True and correct copies of the following documents are attached hereto and incorporated herein by reference collectively as **Exhibit "A"**:

    a. Summons;
    b. Complaint;
    c. Civil Case Cover Sheet;
    d. Stipulation to Use Alternative Dispute Resolution (ADR); and
    e. Notice of Case Assignment and Case Management Conference.

4. The documents comprising **Exhibit "A"** were served on Defendant, via personal service and through its agent for service of process, on August 19, 2022.

5. On September 9, 2022, Defendant LOWE'S HOME CENTERS, LLC, filed and served its Answer to Plaintiff's Complaint and a Demand for Trial by Jury. True and correct copies of Defendant's Answer and Demand for Trial by Jury are attached hereto as **Exhibit "B."**

6. On August 4, 2022, Plaintiff named in his Complaint Defendant J. PABLO SANCHEZ.  J. PABLO SANCHEZ has never been served with a copy of the Summons and Complaint and has not appeared in this action.

7. Defendant J. PABLO SANCHEZ did not work for Defendant LOWE'S HOME CENTERS, LLC until March 15, 2021, one month after the February 14,

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 2 -
NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1332 & §1441(B) (DIVERSITY)

2021 subject incident.  Defendant J. PABLO SANCHEZ did not start working at the subject Lowe's store until the last week of March 2021.  He is not a proper defendant in this case and should be dismissed.

8. On June 7, 2022, Plaintiff sent Defendant LOWE'S HOME CENTERS, LLC a written settlement demand seeking damages in an amount over $75,000.

9. The attached exhibits constitute all process, pleadings, and orders in the state court case.

## DIVERSITY

### A. Citizenship

10. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  Plaintiff claims she has sustained damages totaling over $75,000.00.  This action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b), as the action is between citizens of different states.

11. Plaintiff MARY JECKOT was, at the time of the filing of this action, and presently remains, a citizen of the State of California.

12. Defendant LOWE'S HOME CENTERS, LLC, is a limited liability company.  The citizenship of a limited liability company, for purposes of diversity jurisdiction, is the citizenship of its members.  Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).  LOWE'S HOME CENTERS, LLC is a manager-managed limited liability company with its only member being Lowe's Companies, Inc.  Lowe's Companies, Inc., is a North Carolina corporation and is incorporated in North Carolina, with its principal place of business in the State of North Carolina. Accordingly, LOWE'S HOME CENTERS, LLC is a citizen of the State of North Carolina.  Complete diversity of citizenship exists as between Plaintiff and Defendant LOWE'S HOME CENTERS, LLC.

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C.
§1332 & §1441(B) (DIVERSITY)

### B. Individual Defendant

13. Lowe's is informed and believes, and thereon alleges that Defendant J. PABLO SANCHEZ was, at the time of filing of this action, a citizen of the State of California.

14. The citizenship of J. PABLO SANCHEZ may be disregarded because he has been fraudulently joined for the sole purpose of attempting to destroy diversity jurisdiction. "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir.2001) (quoting McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). It is well settled that a party cannot attempt to defeat diversity of citizenship jurisdiction by adding "sham" defendants. See Morris, 236 F.3d at 1067; TPS Utilicom Serv., Inc. v. AT&T Corp., 223 F.Supp.2d 1089, 1100-01 (C.D. Cal.2002).

15. Joinder of a defendant is a "sham" and is fraudulent if the defendant cannot be liable to the plaintiff on any theory alleged in the Complaint. Ritchey v. Upjohn Drug Co., 139 F3d 1313, 1318 (9th Cir. 1998); McCabe, 811 F.2d at 1339. When determining whether a defendant is fraudulently joined, "[t]he court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available. Lewis v. Time, Inc., 83 F.R.D. 455, 460 (E.D.Cal. 1979); McCabe, 811 F.2d at 1339 (a defendant "is entitled to present the facts showing the joinder to be fraudulent").

16. If the facts reveal that joinder is fraudulent, the defendant may be dismissed from the action pursuant to Rule 21 of the Federal Rules of Civil Procedure, which provides that "[p]arties may be dropped or added by order of the court on motion of any party…at any stage of the action and on such terms as are just." Gasnik v. State Farm Ins. Co., 825 F.Supp.245, 248-49 (E.D. Cal. 1992).

17. Plaintiff's Complaint alleges a single cause of action for negligence. It is based upon the allegation that while Plaintiff was leaving Defendant LOWE'S HOME CENTERS, LLC's store and walking towards the parking lot, she tripped and fell on a raised portion of the sidewalk causing injury to Plaintiff.

18. There is no reasonable basis for imposing liability on Defendant J. PABLO SANCHEZ as he was not the manager of the subject Lowe's store at the time of the subject incident on February 14, 2021. Defendant J. PABLO SANCHEZ did not work for Defendant LOWE'S HOME CENTERS, LLC until March 15, 2021, one month after the February 14, 2021 subject incident. Defendant J. PABLO SANCHEZ did not start working at the subject Lowe's store until the last week of March 2021. He is not a proper defendant in this case and should be dismissed.

19. Moreover, Plaintiff has not demonstrated any real intent to obtain a judgment against Mr. Sanchez as he has never been served with the Summons and Complaint. It is clear that Mr. Sanchez is a "sham" defendant, joined only for the purpose of destroying diversity.

C. **Fictitious Does**

20. Defendants DOES 1 through 25, inclusive are wholly fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants. The naming of said fictitious defendants does not destroy the diversity of citizenship between the parties in this action and they are to be disregarded. 28 U.S.C. § 1441(a); Newcombe v. Adolf Coors Co., 157 F.3d 686, 690–691 (9th Cir. 1998). Further, 28 U.S.C. § 1441(b) permits removal based on diversity "only if none of the parties in interest *properly joined and served* as a defendant is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added). Thus, the citizenship of a defendant who has not been served, such as DOES 1 through 25, inclusive, can be ignored for purposes of determining whether diversity jurisdiction exists. Republic Western Ins. Co. v. International Ins. Co., 765 F.Supp. 628, 629 (N.D. Cal. 1991).

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

1  Here, no California defendant has been served at the time of the filing of the instant
2  removal. Accordingly, the mere fact that the Complaint refers to fictitious defendants
3  does not destroy diversity jurisdiction and does not preclude this action from being
4  properly removed to this Court.

## AMOUNT IN CONTROVERSY

21. Plaintiff's Complaint sets forth a single cause of action for negligence. See **Exhibit "A,"** Complaint. Plaintiff alleges in her Complaint that she sustained personal injury while at Defendant's retail store. Plaintiff claims that Defendant was negligent by permitting said alleged dangerous condition to exist. As a result of Defendant's alleged negligence, Plaintiff claims that she suffered injuries as alleged in the Complaint. Although Plaintiff did not state a specific amount demanded in her Complaint, Defendant has been able to ascertain through Plaintiff's written settlement demand sent to Defendant LOWE'S HOME CENTERS, LLC on June 7, 2022 that the amount in controversy exceeds $75,000.00.[1]

22. Where a complaint does not allege a specific amount in damages, the removing defendant only bears the burden of proving by a "preponderance of the evidence" facts that support an inference that the amount in controversy exceeds the statutory minimum. Singer v. State Farm Mut. Auto Ins. Co., 116 F.3d 373, 376 (9th Cir. 1996); see McPhail v. Deere and Company, 529 F.3d 947, 955 (10th Cir. 2008) ("It is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy."). This standard is not a "daunting" one, as courts recognize that unlike the "legal certainty test" applicable where the complaint does allege a specific amount in damages, the removing defendant is not obligated to "research, state, and prove the plaintiff's claim for damages." McCraw v. Lyons, 863 F. Supp. 430, 434 (W.D. Ky. 1994); see also

---

[1] In California state court actions brought to recover damages for personal injury, plaintiffs are prohibited from stating the amount demanded in their complaint. California Code of Civil Procedure § 425.10.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).

23. A defendant must merely set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum. Stated another way, the defendant must establish jurisdiction by proving jurisdictional facts, i.e., proof of what the plaintiff is seeking to recover. McPhail, 529 F.3d at 954–55. "Once the facts have been established, uncertainty about whether the plaintiff can prove [h]is substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." Meridian Secs. Ins. Co. v. Sadowski, 441 F.3d 540, 543 (7th Cir. 2006); see also McPhail, 529 F.3d at 954 (once underlying jurisdictional facts are proven, "a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake").

24. Where an initial pleading is not removable, a notice of removal can be filed within 30 days after receipt of an amended pleading, motion, order, other paper from which it may first be ascertained that the case is one which is removable. 28 U.S.C. §1446(b)(3). The term "other paper" includes information relating to the amount in controversy in the record of the State proceeding, in responses to discovery, or in the form of a written settlement demand. 28 U.S.C. §1446(c)(3)(A). A written settlement demand is a written statement setting forth the nature and amount of damages being sought and constitutes such "other paper." See Hanson v. Equilon Enterprises LLC, 2014 U.S. Dist. LEXIS 110795, 9 (N.D. Cal. 2014).

25. Plaintiff's written settlement demand of June 7, 2022 sets forth that she is seeking over $75,000.00 in past and future medical expenses, in addition to significant past and future general damages. Thus, the amount in controversy here exceeds the $75,000.00 statutory minimum. Therefore, federal jurisdiction is proper.

**TIMELINESS OF REMOVAL**

26. This Notice of Removal is timely filed in that it has been filed within thirty (30) days after Defendant LOWE'S HOME CENTERS, LLC was served with

the Summons and Complaint, which first indicated that the matter was removable. 28 U.S.C. §1446(b)(3). Further, the instant removal is made within one year of the filing of the Complaint. As noted above, Plaintiff filed her Complaint on August 4, 2022.

27. For the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. sections 1332 and 1441(b).

Dated: September 15, 2022                                    THARPE & HOWELL, LLP

By: _____
STEPHANIE FORMAN
DIANA M. RIVERA
Attorneys for Defendant,
LOWE'S HOME CENTERS, LLC

- 8 -
**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C.
§1332 & §1441(B) (DIVERSITY)**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service, I was at least 18 years of age and **not a party to this legal action.**

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3. I served copies of the following documents (specify the exact title of each document served):

    **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| Garrett May, Esq.<br>Ryan Buchanan, Esq.<br>Robert May, Esq.<br>THE MAY FIRM, INC.<br>297 Santa Rosa Street<br>San Luis Obispo, CA 93405<br>Tel: 805-980-7758<br>Fax: 760-980-7754<br>Email: garrett@mayfirm.com<br>Email: ryan@mayfirm.com<br>Email: robert@mayfirm.com | Attorneys for Plaintiff, MARY JECKOT |

5. a. **X**   **BY ELECTRONIC TRANSMISSION**. By e-mailing the document(s) to the person(s) at the e-mail address(es) listed in item 4 pursuant to prior written consent of the party(ies) served. Fed.R.Civ.P. 5(b)(2)(E) and (F). I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4.  No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6. I served the documents by the means described in item 5 on *(date): See below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 9/15/2022 | Belinda A. Porras | *Belinda A. Porras* |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\32000-000\32940\Pleadings\FEDERAL\Notice of Removal.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221